UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-189-02 (JDB) |
| v. | : | |
| MONICA MASON | : | **FILED** |
| | : | SEP 1 5 2005 |

FACTUAL PROFFER

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On March 8, 2005, at approximately 9:40pm, officers from the Metropolitan Police Department (hereinafter MPD) were called by the District of Columbia Housing Police to respond to the area in front of 2375 11th Street, NW, in Washington, DC, for a report of a vehicle occupied by two people with a gun. Mr. Jackson had been observed holding the weapon, and then putting it into a black bag. They arrived on the scene, and saw the two defendants sitting in a blue Honda Accord station wagon with DC temporary tags drinking from clear plastic cups that bore the odor and color of an alcoholic beverage. Both defendants were placed under arrest for possession of an open alcoholic beverage container. Search incident to the arrest revealed the black bag in the front seat behind Ms. Mason, which contained a silver and brown Smith & Wesson .41 caliber Magnum revolver model 57, Serial Number N748231, which had been stolen from Martinsburg, West Virginia. The weapon was loaded with 6 .41 REM Live full metal jackets hollow point copper and gold rounds in the cylinder. Search also revealed a brown wrapped marihuana cigarette in defendant Mason's purse.

According to the records of the Metropolitan Police Department, Washington, DC, relating to the issuance of Firearm Registration Certificates, on March 8, 2005, Monica Mason, the defendant in this case, did not have a Firearms Registration Certificate issued or pending for a Smith & Wesson .41 Caliber Magnum revolver, Serial Number N748231.

Monica Mason met the co-defendant in this case, Michael Jackson, at a grocery store approximately two months before this incident. They became friends. On the evening of this incident, Mr. Jackson and Ms. Mason planned to go to a party at an apartment at the Public Housing

Development where this incident occurred–2375 11th Street, NW, Washington, DC. Mr. Jackson arrived at Ms. Mason's home to pick her up in his car and take her to the party. However, when he arrived, Ms. Mason was concerned about whether Mr. Jackson was too intoxicated to drive, and they decided that she would drive instead of him. Mr. Jackson's headlights were extremely dim at the time, and Ms. Mason acknowledges that they may have gone out–she herself had concerns about whether the headlights were in fact working properly that night while she was driving. Ms. Mason also acknowledges the presence of open containers of alcohol in the car. They arrived at the location described, and Ms. Mason turned off the car and prepared to gather her things and exit the car. She then focused her attention on Mr. Jackson, because she realized that he had pulled out a large handgun. Ms. Mason did not notice whether Mr. Jackson pulled the gun out from his person or from somewhere in the vehicle. Ms. Mason had never seen the gun before, nor had she ever seen Mr. Jackson with the gun. Ms. Mason became concerned that there might be some problems if Mr. Jackson went into the party with the gun, so she decided to take possession of the gun for safekeeping. Ms. Mason's intent was to secure the gun inside the apartment where the party was taking place so that it would be safe. They put the gun into the black bag with the drawstrings as they saw the officers drive into the parking lot. Before the officers came up to their vehicle, Ms. Mason was able to put the black drawstring bag containing the gun behind her in the driver's seat of the car. The police found the gun in the black drawstring bag where Ms. Mason had placed it prior to their search.

## DEFENDANT'S ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Manuel Retureta, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 9-14-05

Monica Mason

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 9.15.05

Manuel Retureta, Esquire
Attorney for Monica Mason